Stein, J.
We affirm. Pursuant to Court of Claims Act § 11 (a) (i), a notice of claim must be served upon the Attorney General either personally or by certified mail, return receipt requested (see Spaight v State of New York, 91 AD3d 995, 995 [2012]; Femminella v State of New York, 71 AD3d 1319, 1320 [2010]). Here, claimant’s substituted manner of service — priority mail— did not strictly comply with the statutory requirements (see Femminella v State of New York, 71 AD3d at 1320; Filozof v State of New York, 45 AD3d 1405, 1406 [2007]; Hodge v State of New York, 213 AD2d 766, 767 [1995]; Newman v State of New York, 5 Misc 3d 640, 642 [2004]). That failure “divests the court *944 of subject matter jurisdiction,” and, therefore, dismissal of the claim was required (Caci v State of New York, 107 AD3d 1121, 1122 [2013] [internal quotation marks and citation omitted]; accord Kolnacki v State of New York, 8 NY3d 277, 281 [2007]). As a result, we need not reach the alternative grounds for dismissal advanced by defendant.
Peters, P.J., Lahtinen and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.